IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BASIL HUDAIR, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI FAIRTON, et al., | : | NO. 06-1240 |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the Federal Correctional Institution at Fairton, in Fairton, New Jersey. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.  PROCEDURAL HISTORY

On June 9, 1980, petitioner, using the name William Green, entered a guilty plea to robbery befpre the Honorable Levan Gordon. Petitioner was sentenced to five years probation. Petitioner did not file a direct appeal.

On November 24, 1981, a revocation hearing was conducted by the Honorable Levan Gordon. The court determined that petitioner had violated the terms of probation and sentenced petitioner to a term of three to seven years imprisonment. Again, petitioner did not appeal. Petitioner was paroled on October 2, 1984. Petitioner's parole was terminated on March

24, 1994.[1]

On September 11, 2002, petitioner filed an Application and Petition for Writ of Error Coram Nobis addressing petitioner's 1980 conviction.  The petition was treated as petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq.  The PCRA court dismissed the petition finding that petitioner lacked standing to proceed because petitioner had completed his sentence and was no longer in state custody.  Petitioner did not appeal.

On March 22, 2006, petitioner filed the instant petition seeking habeas corpus relief based on petitioner's 1981 revocation hearing.  Petitioner claims:

> (1)   Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated by petitioner's lack of counsel at the November 24, 1981 revocation hearing.

Respondent asserts that this petition must be dismissed for lack of subject matter jurisdiction since petitioner is no longer in state custody.  We agree.

## II.   DISCUSSION

Under 28 U.S.C. §2254(a), habeas jurisdiction shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  In order for this court to possess subject matter jurisdiction over a habeas corpus petition, the petitioner must be "in custody." 28 U.S.C. § 2254(a).  The Supreme Court of the United States has held that a habeas petitioner does not remain "in custody" under a conviction after the sentence imposed is fully expired, even if there is a possibility that the

---

[1] Petitioner is currently incarcerated at a federal prison in New Jersey in connection with a unrelated 1997 bank robbery conviction.  Petitioner only has the federal sentence left to be served.

conviction will be used to enhance the sentences for subsequent convictions. Maleng v. Cook, 490 U.S. 488 (1989); (citing Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). It is required that petitioner be "in custody" under the conviction petitioner is challenging at the time the petition is filed. Id. at 490-91.

Petitioner was convicted in 1980 in state court for robbery. In 1981, following a revocation hearing, petitioner's parole was revoked. Petitioner has completed the sentence that was imposed at the 1981 revocation hearing, including the parole that followed the prison term. Petitioner is currently incarcerated in federal prison in New Jersey for an unrelated 1997 bank robbery conviction. Consequently, this court does not have subject matter jurisdiction under 28 U.S.C.§ 2254(a) because petitioner is no longer "in custody" based on the sentence imposed at the 1981 revocation hearing that petitioner seeks to attack here.

Petitioner claims that this court has jurisdiction to review petitioner's habeas corpus petition because the 1981 state parole revocation sentence, which expired over a decade ago, was used to enhance petitioner's current federal sentence. Claims such as this must be viewed as an attack on petitioner's federal sentence. See, eg., Young v. Vaughn, 83 F.3d 72, 76-79 (3d. Cir. 1996). A federal sentence claim must be raised in a petition pursuant to 28 U.S.C. §2255. An expired state court sentence that was used to enhance a current federal sentence may be considered by the court while evaluating a 28 U.S.C. §2255 petition. Birdsell v. Alabama, 834 F.2d 920, 922 (11 Cir. 1987). Accordingly, petitioner may only attack his current federal sentence in a §2255 petition. A §2255 petition must be filed in the district court where a petitioner was sentenced. Petitioner's current federal sentence was imposed by the District Court in New Jersey and a §2255 petition must be filed there. Petitioner is apparently aware that a

§2255 petition is necessary to raise petitioner's claim because petitioner has previously filed a §2255 petition in the District Court of New Jersey, which was dismissed as procedurally barred. Consequently, this court lacks subject matter jurisdiction over the expired state court sentence and petitioner must attack the current federal sentence in a §2255 petition. As such, we must dismiss the habeas in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of August, 2006, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:


/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE