IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BASIL HUDAIR, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | No. 06-1240 |
| WARDEN, FCI FAIRTON, et al., | : | |
| | : | |
| Respondents. | : | |

**Baylson, J.**                                                                                                   **April 24, 2007**

  Now pending before this Court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Petitioner, Basil Hudair, currently incarcerated in the Federal Correctional Institution at Fairton, in Fairton, New Jersey.  United States Magistrate Judge Caracappa filed a Report and Recommendation (Doc. No. 13), to which Petitioner filed objections (Doc. No. 17) on September 18, 2006.  Respondents filed their Response (Doc. No. 20) on October 18, 2006.  The Magistrate Judge has recommended the petition be dismissed for lack of subject matter jurisdiction.  Upon consideration of Petitioner's objections, and Respondents' response thereto, the Magistrate Judge's Report and Recommendation will be adopted in its entirety.

  Petitioner was convicted in 1980 in state court for robbery, and place on probation; there was no direct appeal.  Following a revocation hearing, Petitioner's parole was revoked in 1981, at which time a prison sentence of 3-7 years was imposed.  Petitioner has since completed the sentence imposed at the 1981 revocation hearing.  Petitioner is currently incarcerated for a 1997 bank robbery conviction unrelated to the 1980 conviction or the 1981 parole revocation.  However, it is the legality of the 1981 revocation hearing which Petitioner now attacks.

  Under 28 U.S.C. § 2254(a), habeas jurisdiction shall not extend to a prisoner unless he is

"in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A habeas petitioner does not remain "in custody" under a conviction after the sentence imposed is fully expired, even if the conviction may possibly be used to enhance the sentences for subsequent convictions.  Maleng v. Cook, 490 U.S. 488 (1989).  Petitioner relies on Garlotte v. Fordice, 515 U.S. 39 (1995), in which the Supreme Court held that consecutive state sentences should be treated as a continuous sentence for purposes of determining whether a petitioner is "in custody" under 28 U.S.C. § 2254.  Id. 515 U.S. at 47, for the proposition that he is "in custody" for purposes of his current habeas petition.  However, the Supreme Court also explicitly distinguished such a situation from the one in Maleng, in which a petitioner has completely served a previously imposed sentence.  Id. at 45.

      Here, Petitioner challenges the state court revocation of parole on a conviction for which the sentence has completely expired.  Petitioner is not serving consecutive state sentences, but is currently incarcerated in a federal prison for an unrelated conviction.  Therefore Garlotte is inapposite, and Maleng controls.  Consequently, Petitioner's objection to the Magistrate Judge's finding of lack of subject matter jurisdiction is without merit.  As jurisdiction is lacking under 28 U.S.C. § 2254 to entertain the habeas petition, this Court need not address Petitioner's objections relating to the substantive merits of his claim.

      An appropriate Order follows.

O:\CIVIL\06-1240 Hudair v. Warden\06-1240 Hudair v. Warden FCI Fairton (habeas).wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BASIL HUDAIR, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | No. 06-1240 |
| WARDEN, FCI FAIRTON, et al., | : | |
| | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this 24th day of April, 2006, upon careful and independent consideration of the petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of Unites States Magistrate Judge Linda K. Caracappa, as well as Petitioner's Objections and Respondents' responses thereto, it is hereby ORDERED:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for Write of Habeas Corpus is DENIED with prejudice;

3. There is no probably cause to issue a certificate of appealability;

4. The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.